BETSY C. MANIFOLD (182450)
manifold@whafh.com
RACHELE R. RICKERT (190634)
rickert@whafh.com
BRITTANY N. DEJONG (258766)
dejong@whafh.com
**WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP**
750 B Street, Suite 2770
San Diego, CA 92101
Telephone:  619/239-4599
Facsimile:   619/234-4599

*Counsel for Plaintiff and the [Proposed] Class*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| LAUREL BIRMINGHAM, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EDGEWELL PERSONAL CARE COMPANY, EDGEWELL PERSONAL CARE BRANDS, LLC, and  EDGEWELL PERSONAL CARE, LLC,<br><br>Defendants. | Case No.:<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR:**<br>**(1) BREACH OF EXPRESS WARRANTY;**<br>**(2) BREACH OF IMPLIED WARRANTY;**<br>**(3) UNJUST ENRICHMENT;**<br>**(4) VIOLATION OF CAL. UNFAIR COMPETITION LAW; AND**<br>**(5) VIOLATION OF CAL. CONSUMERS LEGAL REMEDIES ACT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Laurel Birmingham ("Plaintiff") brings this action on behalf of herself and all others similarly situated against Edgewell Personal Care Company; Edgewell Personal Care Brands, LLC; and Edgewell Personal Care, LLC (collectively, "Edgewell" or "Defendant"). Plaintiff makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to the allegations specifically pertaining to Plaintiff, which are based on personal knowledge.

### NATURE OF THE ACTION

1.     This is a class action against Defendant for falsely and misleadingly advertising that its Banana Boat Kids Tear-Free Sting-Free Lotion (the "Product") is Sun Protection Factor ("SPF") 50 when, in fact, it is SPF 8. On the Product's packaging, it clearly and boldly states on the front of the packaging "50" and "Broad Spectrum SPF 50." This representation is false.

2.     Independent laboratory testing reveals that the Product is not SPF 50. In fact, the SPF has been found to be 8, a much lower rating that makes it much less effective than advertised.[1]

3.     SPF is a rating system that measures the fraction of the Sun's ultraviolet ("UV") rays that reach the surface of the skin. As a result, for SPF 50, $1/50^{th}$ of the UV rays of the Sun reach the skin past the sunscreen. At SPF 8, a much higher fraction, $1/8^{th}$, do.

4.     As a direct and proximate result of Defendant's false and misleading advertising claims and marketing practices, Plaintiff and the members of the Class, as defined herein, purchased the Product and paid more for the Product because they

---

[1]     *See Suncreens: What's really working and what's not,* CBS NEWS, http://www.cbsnews.com/news/consumer-reports-which-sunscreens-live-up-to-product-claims-keep-skin-safe/ (last visited June 10, 2016).

were deceived into believing that the Product was SPF 50. Because the Product is, in fact, SPF 8, Plaintiff and Class members have suffered an ascertainable and out-of-pocket loss.

5.     Plaintiff seeks relief in this action individually and on a class-wide basis for breach of express and implied warranties, negligent misrepresentation, fraud, unjust enrichment, and for violations of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, and the California Consumers Legal Remedies Act, Cal. Civil Code §§ 1750 *et seq.*

## THE PARTIES

6.     Plaintiff Laurel Birmingham is domiciled in Los Angeles County, California. Plaintiff Birmingham purchased the Product on May 9, 2016, in Studio City, California. She paid approximately $13 for the Product. In purchasing the Product, Plaintiff read and relied on the prominent representation on the front of the Product label – that the Product is "SPF 50." Plaintiff reasonably understood this representation to mean that the Product is of a high SPF that is highly effective in blocking UV rays. Plaintiff would not have purchased the Product, or would not have paid as much for the Product, had she known that the "SPF 50" representation is false and misstates the amount, percentage, and quality of UV ray blockage provided by the Product. Plaintiff suffered an injury in fact and lost money as a result of Defendant's deceptive, misleading, false, unfair, and fraudulent practices, as described herein.

7.     Defendant Edgewell Personal Care Company is a Delaware corporation with headquarters in St. Louis, Missouri. Defendant develops, manufactures, distributes, sells, and advertises its Banana Boat Kids Tear-Free Sting-Free Lotion nationwide, including in California and in this District. Defendant has been and still is engaged in the business of distributing, marketing, and selling Banana Boat Kids Tear-Free Sting-Free Lotion throughout the United States. On July 1, 2015 Energizer Holdings spun off its household products division as Energizer Holdings

1  while retaining its personal care products (including the Banana Boat brand) under
2  the new name of Edgewell Personal Care Company.[2]

3       8.     Defendant Edgewell Personal Care Brands, LLC is a Delaware Limited
4  Liability Corporation with its headquarters in St. Louis, Missouri.   Defendant
5  Edgewell Personal Care Brands, LLC is a wholly-owned subsidiary of and/or 100%
6  controlled by Edgewell Personal Care Company.

7       9.     Defendant Edgewell Personal Care, LLC is a Delaware Limited
8  Liability Corporation with its headquarters in St. Louis, Missouri.   Defendant
9  Edgewell Personal Care, LLC is a wholy-owned subsidiary of and/or 100%
10  controlled by Edgewell Personal Care Company.

11                        **JURISDICTION AND VENUE**

12       10.    This Court has jurisdiction over this action pursuant to 28 U.S.C.
13  § 1332(d) because there are more than 100 Class members, the aggregate amount in
14  controversy exceeds $5,000,000, exclusive of interest, fees, and costs, and at least
15  one Class member is a citizen of a state different from the Defendant.

16       11.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a
17  substantial part of the events or omissions giving rise to Plaintiff's claims occurred in
18  this District as Defendant does business throughout this District, including selling
19  and distributing the products at issue in this District.

20           **FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

21       12.    Consumers purchasing Defendant's Product are presented with a
22  prominent marketing claim on Defendant's Product packaging.   Defendant proclaims
23  ///
24  ///
25  ///
26

27  [2]     *See* Edgewell Personal Care Company, Quarterly Report (Form 10-Q) (Aug.
28  10, 2015).

1   the Product is "Broad Spectrum SPF 50." The packaging also shows a prominent red
2   shield that says "50", indicating an SPF of 50. Further, the Product's packaging
3   states that it provides "UVA/UVB Protection."



18   13.   Plaintiff and other consumers rely on Defendant's claims that the
19   Product provides a Sun Protection Factor of at least 50. They reasonably interpret
20   and understand the claims to mean that the Product is of a high SPF that is 'highly
21   effective' in blocking the sun's ultraviolet rays.

22   14.   However, Defendant claims are untrue. Defendant's Product does not
23   provide a Sun Protection Factor of 50. In fact, independent laboratory testing reveals
24   that the Product provides a Sun Protection Factor of 8,[3] meaning that the Product
25   allows $1/8^{th}$ of the sun's radiation through its protection, rather than $1/50^{th}$.

_____

[3]   *See Ratings: Sunscreen Lotions, Sprays, and Sticks*, CONSUMER REPORTS, July
2016, at 28.

15.     Consumer Reports states that its "Tested SPF" ratings are "based on the average results for each sunscreen, not how close a sunscreen comes to meeting its SPF claim, and is used to calculate [its] UVB scores."  Further, "[t]o test for UVA, we smear sunscreen on plastic plates and pass UV light through and measure the amount of UVA and UVB rays that are absorbed.  That information is then used to calculate our UVA score."  *Id.*

16.     This tested SPF rating of 8 is far below that recommended by the American Academy of Dermatology, which recommends all people use a sunscreen with an SPF of at least 30.[4]

17.     Further, Defendant specifically markets this sunscreen for children, saying on its website, "This lotion spray is so gentle, it won't irritate your child's eyes or skin. Plus, the white lotion lets Mom see where she's applied it – no more missed spots!"[5]

18.     Defendant's false advertising is not limited to its Product's labels.  For example, Defendant has represented on its website and in store displays that the Product is SPF 50.  *Id.*

19.     Defendant continues to make this false and misleading labeling claim regarding the quality of its Product.  In doing so, Defendant has misled and continues to mislead consumers throughout the United States and is able to charge more for its Product than it otherwise could.

---

[4]     *See Sunscreen FAQs*, AMERICAN ACADEMY OF DERMATOLOGY, https://www.aad.org/media/stats/prevention-and-care/sunscreen-faqs (last visited June 13, 2016).

[5]     *See Kids & Baby*, BANANA BOAT, http://www.bananaboat.com/products/kids-tear-free-sunscreen (last visited June 13, 2016).

## **CLASS ACTION ALLEGATIONS**

20.   Plaintiff brings this action as a class action under Federal Rule of Civil Procedure 23 on behalf of all persons in the United States who, within the relevant statute of limitations period, purchased the Product (the "Class").

21.   Plaintiff seeks to represent a subclass defined as all members of the Class who purchased the Product in California (the "California Subclass").

22.   Excluded from the Class and California Subclass are the Defendant, the officers and directors of the Defendant at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendant has or had a controlling interest.

23.   Also excluded from the Class and California Subclass are persons or entities that purchased the Product for purposes of resale.

24.   Plaintiff is a member of the Class and California Subclass she seeks to represent.

25.   The Class and California Subclass are so numerous that joinder of all members is impractical.  Although Plaintiff does not yet know the exact size of the Class, the Product is sold in retail locations throughout the United States, and on information and belief, members of the Class number in the hundreds of thousands.

26.   The Class and California Subclass are ascertainable because their members can be identified by objective criteria – the purchase of Defendant's Product in the United States during the statute of limitations period.   Individual notice can be provided to Class members "who can be identified through reasonable effort."  Fed. R. Civ. P. 23(c)(2)(B).

27.   There are numerous questions of law and fact common to the Class which predominate over any individual questions or issues, including but not limited to whether the labeling and marketing of the Product was false and misleading.

28.   Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendant's wrongful conduct.

Plaintiff has no interests antagonistic to the interests of the other members of the Class.  Plaintiff and all members of the Class have sustained economic injury arising out of Defendant's violations of common and statutory law as alleged herein.

29.    Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class members she seeks to represent, she has retained counsel that is competent and experienced in prosecuting class actions, and she intends to prosecute this action vigorously.  The interests of the Class members will be fairly and adequately protected by Plaintiff and her counsel.

30.    The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Plaintiff and Class members.  Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.  Class treatment of the liability issues will ensure that all claims are consistently adjudicated.

## FIRST CLAIM FOR RELIEF

### (Breach of Express Warranty)

31.    Plaintiff repeats the allegations contained in the paragraphs above as if fully set forth herein.

32.    Plaintiff brings this Count individually and on behalf of the members of the Class and California Subclass.

33.    In connection with the sale of the Product, Defendant issued express warranties that the Product was of SPF 50.

34.     Defendant's affirmations of fact and promises made to Plaintiff and the Class and the California Subclass on the Product labels became part of the basis of the bargain between Defendant on the one hand, and Plaintiff and the Class and California Subclass members on the other, thereby creating express warranties that the Product would conform to Defendant's affirmations of fact, representations, promises, and descriptions.

35.     Defendant breached its express warranties because the Product is not, in fact, SPF 50, but is in fact of a much lower SPF.

36.     As the manufacturer of the Product, Defendant had actual knowledge of the breach.  Additionally, the results of independent laboratory tests revealed that the Product was SPF 8, which was made public prior to the filing of this Complaint. Plaintiff served notice upon Defendant Edgewell Personal Care LLC and Defendant Edgewell Personal Care Brands LLC of their breach on June 20, 2016.  A copy of the letter is attached hereto as Exhibit A.

37.     Plaintiff and Class and California Subclass members were injured as a direct and proximate result of Defendant's breach because: (a) they would not have purchased the Product or would not have paid as much for the Product if they had known the true facts; (b) they purchased and paid more for the Product due to the mislabeling; and (c) the Product did not have the characteristics, quality, or value as promised.

## SECOND CLAIM FOR RELIEF

### (Breach of Implied Warranty of Merchantability)

38.     Plaintiff repeats the allegations contained in the paragraphs above as if fully set forth herein.

39.     Plaintiff brings this Count individually and on behalf of the members of the Class and California Subclass.

40.     Defendant, as the designer, manufacturer, distributor, and seller, impliedly warranted that the Product was fit for its intended purpose in that the

Product was SPF 50.  Defendant did so with the intent to induce Plaintiff and proposed Class and California Subclass members to purchase the Product.

41.     Defendant breached its implied warranties because the Product does not have the characteristics or benefits as promised, as described herein.

42.     As the manufacturer of the Product, Defendant had actual knowledge of the breach.  Additionally, the results of independent laboratory tests revealed that the Product was SPF 8, which was made public prior to the filing of this Complaint.  Plaintiff served notice upon Defendant Edgewell Personal Care LLC and Defendant Edgewell Personal Care Brands LLC of their breach on June 20, 2016.  A copy of the letter is attached hereto as Exhibit A.

43.     Plaintiff and proposed Class and California Subclass members were injured as a direct and proximate result of Defendant's breach because: (a) they would not have purchased the Product or would not have paid as much for the Product if they had known the true facts; (b) they purchased and paid more for the Product due to the implied warranties; and (c) the Product did not have the quality or value as impliedly warranted.

### THIRD CLAIM FOR RELIEF
### (Unjust Enrichment)

44.     Plaintiff repeats the allegations contained in the paragraphs above as if fully set forth herein.

45.     Plaintiff brings this Count individually and on behalf of the members of the Class and California Subclass.

46.     Plaintiff and members of the Class and California Subclass conferred benefits on Defendant by purchasing the Product.

47.     Defendant has been unjustly enriched in retaining revenues derived from Plaintiff's and Class and California Subclass members' purchases of the Product.  Retention of that revenue under these circumstances is unjust and inequitable because Defendant misrepresented facts concerning the characteristics, qualities, and

value of the Product and caused Plaintiff and Class and California Subclass members to purchase the Product and to pay more for the Product, which they would not have done had the true facts been known.

48.    Because Defendant's retention of the non-gratuitous benefits conferred on it by Plaintiff and members of the Class and California Subclass is unjust and inequitable, Defendant must pay restitution to Plaintiff and members of the Class and California Subclass for its unjust enrichment, as ordered by the Court.

## FOURTH CLAIM FOR RELIEF

**(California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*)**

**(On Behalf of Plaintiff and the California Subclass)**

49.    Plaintiff repeats the allegations contained in the paragraphs above as if fully set forth herein.

50.    The Unfair Competition Law, California Business & Professions Code §§ 17200, *et seq.* (the "UCL"), prohibits any "unlawful," "unfair," or "fraudulent" business act or practice and any false or misleading advertising.

51.    In the course of conducting its business, Defendant committed unlawful business practices by, *inter alia*, making the representations (which also constitute advertising within the meaning of § 17200) and omissions of material facts, as set forth more fully herein, and violating Cal. Civil Code §§ 1750, *et seq.*, and the common law.

52.    Plaintiff, individually and on behalf of other California Subclass members, reserves the right to allege other violations of law which constitute other unlawful business acts or practices.  Such conduct is ongoing and continues to this date.

53.    Defendant's actions constitute "unfair" business acts or practices because, as alleged above, *inter alia*, Defendant engages in deceptive and false advertising, and misrepresents and omits material facts regarding its products, and thereby offends an established public policy, and engages in immoral, unethical,

oppressive, and/or unscrupulous activities that are substantially injurious to consumers.  This conduct constitutes violations of the unfair prong of Business & Professions Code §§ 17200, *et seq*.

54.   Business & Professions Code §§ 17200, *et seq.*, also prohibits any "fraudulent business act or practice."

55.   Defendant's actions, claims, nondisclosures, and misleading statements, as alleged in this Complaint, also constitute "fraudulent" business practices in violation of the UCL because, among other things, they are false, misleading, and/or likely to deceive reasonable consumers within the meaning of Business & Professions Code §§ 17200, *et seq.*

56.   There were reasonably available alternatives to further Defendant's legitimate business interests other than the conduct described herein.

57.   As a result of Defendant's pervasive false marketing, including deceptive and misleading acts and omissions as detailed in this Complaint, Plaintiff and other members of the California Subclass have in fact been harmed as described above.  If Defendant had not misrepresented the Product as being of a higher SPF level than it was, Plaintiff would not have purchased Defendant's Product or would not have paid as much for it as she did.

58.   As a result of Defendant's unlawful, unfair, and fraudulent practices, Plaintiff and the other California Subclass members have suffered injury in fact and lost money.

59.   As a result of its deception, Defendant has been able to reap unjust revenue and profit in violation of the UCL.

60.   Unless restrained and enjoined, Defendant will continue to engage in the above-described conduct.  Accordingly, injunctive relief is appropriate for Plaintiff and the California Subclass.

61.   As a result of Defendant's conduct in violation of the UCL, Plaintiff and members of the California Subclass have been injured as alleged herein in amounts

1    to be proven at trial because they purchased the Product without full disclosure of the

2    material facts discussed above.

3        62.    As a result, Plaintiff individually, and on behalf of the California

4    Subclass, and the general public, seeks restitution and disgorgement of all money

5    obtained from Plaintiff and the members of the California Subclass collected by

6    Defendant as a result of unlawful, unfair, and/or fraudulent conduct, and seeks

7    injunctive relief, and all other relief this Court deems appropriate, consistent with

8    Business & Professions Code section 17203.

9                    **FIFTH CLAIM FOR RELIEF**

10   **(California Consumers Legal Remedies Act, Cal. Civil Code §§ 1750, *et seq.*)**

11            **(On Behalf of Plaintiff and the California Subclass)**

12       63.    Plaintiff repeats the allegations contained in the paragraphs above as if

13   fully set forth herein.

14       64.    This cause of action is brought pursuant to the California Consumer

15   Legal Remedies Act, Cal. Civil Code §§ 1750, *et seq*. (the "CLRA").  Plaintiff is a

16   consumer as defined by California Civil Code section 1761(d).  The affected products

17   are goods within the meaning of the CLRA.

18       65.    Defendant violated and continues to violate the CLRA by engaging in

19   the following practices proscribed by California Civil Code section 1770(a) in

20   transactions with Plaintiff and the California Subclass which were intended to result

21   in, and did result in, the sale of the affected products:

22       (5)   Representing that [the products] have . . . characteristics, . . . uses [or]

23              benefits . . . which they do not have;

24       (7)   Representing that [the products] are of a particular standard, quality, or

25              grade  . . . if they are of another; and

26       (9)  Advertising goods . . . with intent not to sell them as advertised.

27

28

66.     Defendant violated the CLRA by marketing and advertising the affected products in the manner described herein, when it knew, or should have known, that the labeling and advertisements were deceptive, false and misleading.

67.     Defendant was in a position to know, both from its own product knowledge and independent testing that the Sun Protection Factor of the Product fell far short of its advertised levels.

68.     Defendant intended that Plaintiff and members of the California Subclass would rely on the false and misleading representations, and any reasonable consumer would deem the false and misleading representations material to the purchase of the Product.

69.     California Civil Code section 1780(a)(2) permits any court of competent jurisdiction to enjoin practices that violate California Civil Code section 1770.

70.     On June 20, 2016, Plaintiff sent to Defendant a letter demanding that Defendant rectify the problems listed herein.  If Defendant has failed to rectify or agree to rectify the problems associated with the actions detailed above and give notice to all affected consumers with thirty (30) days of the written notice pursuant to section 1782 of the CLRA, then Plaintiff will further seek to recover actual or statutory compensatory/monetary damages as authorized by California Civil Code section 1780(a)(1), restitution as applicable and authorized under California Civil Code section 1780(a)(3), and punitive damages as authorized by California Civil Code section 1780(a)(4), which are appropriate in this case in light of Defendant's knowing, intentional, fraudulent and unconscionable conduct, Defendant's reckless disregard of its legal obligations to Plaintiff and the members of California Class, and/or as otherwise recoverable under California Civil Code section 1780(a)(4).  A copy of the letter is attached hereto as Exhibit A.

71.     Pursuant to section 1780(d) of the CLRA, attached hereto as Exhibit B is an affidavit showing that this action has been commenced in the proper forum.
///

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

A.      Determining that this action is a proper class action;

B.      For an order declaring that the Defendant's conduct violates the statutes referenced herein;

C.      Awarding compensatory and punitive damages in favor of Plaintiff, members of the Class and the California Subclass against Defendant for all damages sustained as a result of Defendant's wrongdoing, in an amount to be proven at trial, including interest thereon;

D.       Awarding injunctive relief against Defendant to prevent Defendant from continuing its ongoing unfair, unconscionable, and/or deceptive acts and practices;

E.      For an order of restitution and/or disgorgement and all other forms of equitable monetary relief;

F.      Awarding Plaintiff and members of the Class and California Subclass their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

G.      Awarding such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims so triable in this action.

Dated:  June 28, 2016                  **WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

By:   ___*/s/ Rachele R. Rickert*___
                        RACHELE R. RICKERT

BETSY C. MANIFOLD
manifold@whafh.com
RACHELE R. RICKERT
rickert@whafh.com
BRITTANY N. DEJONG
dejong@whafh.com
750 B Street, Suite 2770

- 14 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

San Diego, CA 92101
Telephone:  619/239-4599
Facsimile:   619/234-4599

*Counsel for Plaintiff and the [Proposed] Class*

BANANABOAT:23006